IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ERWIN DIBRELL, PRO SE, <br> TDCJ-CID No. 1768096, <br> Previous TDCJ-CID No. 440809, <br> Previous TDCJ-CID No. 595628, <br><br> Plaintiff, <br><br> v. <br><br> Officer FNU GILBERT, <br><br> Defendant. | § § § § § § § § § § § § §   2:15-CV-0346 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff ERWIN DIBRELL, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed pursuant to Title 28, United States Code, section 1915.

By his complaint, plaintiff claims that, on November 13, 2015 defendant GILBERT stopped plaintiff on the way to the chow hall and threatened him, using racially offensive language and sexual vulgarities.

Plaintiff requests a transfer off the Neal Unit, injunctive relief barring any repetition of the alleged conduct by defendant, and compensatory damages of $25,000.00.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

### THE LAW AND ANALYSIS

It is clearly established that mere allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993). Further, mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977)). Consequently, the remarks plaintiff attributes to GILBERT will not support a claim of violation of plaintiff's constitutional rights. Plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff ERWIN DIBRELL is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ 13th _____ day of January, 2016.

_____
MARY LOU ROBINSON
United States District Judge